(77 App. Div. 251.)

### BAYNE et al. v. HARD et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

**1. CONTRACTS—ASSIGNMENT—SUIT BY ASSIGNEE—COUNTERCLAIM.**

Code Civ. Proc. § 502, subd. 1, provides that, if an action is founded on a contract which has been assigned by the party thereto, a demand existing against the party thereto or an assignee of the contract at the time of the assignment, and belonging to the defendant in good faith, must be allowed as a counterclaim if it might have been so allowed against the party or the assignee while the contract belonged to him. In an action by the assignee of a contract whereby defendants had agreed with plaintiffs' assignor to sell certain coffee, defendants attempted to set up a counterclaim which had arisen out of the insolvency of the assignor. The assignment had been made previous to such insolvency, and title to the coffee had, prior to the assignment, passed to the plaintiffs. *Held,* that no counterclaim could be allowed under the statute.

**2. SALES—PASSAGE OF TITLE.**

Where one sold another a certain number of bags of coffee, to be shipped at a certain time and the invoice to date from the time when

the coffee should be "in store," and a credit was to be allowed, title passed when the coffee was in store and "graded" according to the contract.

3. SAME—CONTRACT OF SALE—INSTRUCTION.

Where a contract for the sale of certain coffee provided that the contract was "not contingent on any other," and was to be settled between the buyer and seller "without reference to gradings or otherwise to any other contract," such provision did not raise any presumption that title was not to pass until payment.

4. SAME—RESTRICTION OF ASSIGNMENT.

Where a contract for the sale of coffee provides that the contract is to be "settled between buyer and seller without reference to any other contract," such phrase does not restrict the assignability of the contract, or the right of the buyers to resell the coffee before payment or delivery, but meant that the transaction was to be an independent one.

Appeal from trial term, New York county.

Action by C. Ernest Bayne and another against Anson H. Hard and others. From a judgment overruling a demurrer to counterclaims in the answer, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. R. Bayne, for appellants.

E. B. Whitney, for respondents.

PATTERSON, J.   This appeal is from an interlocutory judgment overruling the plaintiffs' demurrer to counterclaims set up in the defendants' answer. The action was brought to recover damages for the defendants' failure to deliver on demand certain coffee to which the plaintiffs claim they were entitled under contracts of sale mentioned in the complaint. It is alleged in that pleading that on August 10, 1901, the defendants made an agreement with the firm of Jones & Co. whereby the former sold to the latter a thousand bags of Santos coffee, to be shipped during August or September, 1901, from Santos, on a basis of 5⅞c. per pound for standard No. 7 at the coffee exchange in the city of New York; such coffee to average in grade about standard No. 7; any difference either above or below such standard to be paid or allowed by the buyer or seller as the case might be. The invoice was to date from the time when coffee should all be in store, and the coffee was to be paid for within 30 days from date of invoice; discount at the rate of 8 per cent. per annum allowed on the basis of 90-day notes paid in cash before maturity. It is further alleged in the complaint that on September 28, 1901, Jones & Co. made an agreement with the plaintiffs whereby the former sold to the latter the one thousand bags of Santos coffee which Jones & Co. had bought from the defendants as above stated. The price was 5 $^{94}/_{100}$c. per pound. In all other respects the terms of the contract between Jones & Co. and the plaintiffs were the same as in the contract between the defendants and Jones & Co. It is further stated in the complaint that on October 7, 1901, the steamer arrived at the city of New York with the coffee on board; that the defendants on the same day notified Jones & Co. of the arrival of the coffee, and still on the same day Jones & Co. notified the plaintiffs of its arrival; that the coffee was all in store on Octo-

ber 24, 1901; that a grading of the coffee was tendered by the defendants to Jones & Co. prior to October 23, 1901, and Jones & Co. tendered the same gradings to the plaintiffs; that the gradings tendered were refused, but an arbitration was had by which such gradings were settled, and the price of the coffee became fixed under the contract which the defendants made with Jones & Co.; that on October 25, 1901, Jones & Co. failed and made an assignment for the benefit of creditors to one Swaney, who afterwards transferred what interest remained of Jones & Co. in the contract with the defendants to the plaintiffs. On October 30, 1901, the plaintiffs notified the defendants of the transfer of Swaney, as assignee, to the plaintiffs, and on the same day they tendered to the defendants a sum of money greater than the purchase price of the coffee under the contract of August 10, 1901, and demanded a delivery of the merchandise; but the defendants refused to deliver it. The defendants, after pleading generally to the cause of action, interposed two counterclaims. They do not seek an affirmative judgment for the amount of these counterclaims, but insist upon their right, under the provisions of subdivision 1 of section 502 of the Code of Civil Procedure, to deduct such amount from the claim of the plaintiffs. Subdivision 1 of that section provides that, if the action is founded upon a contract which has been assigned by the party thereto, a demand existing against the party thereto at the time of the assignment thereof must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party while the contract belonged to him. One of the counterclaims is in the nature of a legal, and the other of an equitable, right to set-off, and as against Jones & Co. they might be made available if the title and ownership of the goods had not passed from Jones & Co. to the plaintiffs before the insolvency of Jones & Co. was declared and the general assignment for the benefit of creditors made.

We think this provision of the Code does not apply in this case. The agreements under which both sales were made are peculiar in their provisions. The sales were of merchandise "to arrive." If, on the arrival of the steamer named in the contract, the shipment was found apparently not to be up to the exchange standard named in the contract, the seller had the option to substitute spot coffee from other cargoes in accordance with the contract grading and description. The invoice was to date from the time when the coffee was in store. The contract was not to be contingent upon any other contract, and was to be settled between the buyer and seller without reference, as to gradings or otherwise, to any other contracts. It is very clear that the contract of August 10, 1901, between the defendants and Jones & Co. was an executory contract, as was also that of September 28, 1901, between the plaintiffs and Jones & Co. But it would seem from the allegations of the complaint, taken in connection with the provisions of the August 10th contract which is annexed to the defendants' answer, that the title to the goods passed from the defendants to Jones & Co., as it did from Jones & Co. to the plaintiffs, before the defendants' right to demands against Jones & Co. arose.

That right arose out of the insolvency of Jones & Co., and it is so pleaded in the answer. The defendants were not entitled to offset anything under the specific contract of August 10, 1901, with Jones & Co. for, as before stated, it is expressly provided in that contract that it was not contingent upon any other, and was to be settled without reference as to gradings or otherwise in any other contracts, and the demands asserted in the counterclaims are for differences in favor of the defendants arising out of gradings in other contracts. The claims of the defendants did not exist against Jones & Co. prior to the assignment, because there had been a full appropriation of the merchandise in store and graded to the respective contracts before the assignment was made. The coffee arrived in New York on October 7, 1901; the defendants notified Jones & Co. of its arrival, and on the same day Jones & Co. notified the plaintiffs. The coffee was all in store by October 24th. On October 23d, the gradings were taken, and we think under the adjudged cases (Bradley v. Wheeler, 44 N. Y. 502; Sanger v. Waterbury, 116 N. Y. 371, 22 N. E. 404) that it must be held that the title passed from the sellers to the buyers.

We do not construe these contracts as the defendants do, namely, that the title to the goods did not pass until they were paid for. If the contract between the defendants and Jones & Co. were one in the nature of a cash sale, where the money was to be paid before delivery, their contention would prevail; but the terms of sale contemplate a credit, that is, the goods were to be paid for within 30 days from date of the invoice, with a discount at the rate of 8 per cent. per annum allowed on the basis of 90-day notes, paid in cash before maturity. Nor is there any presumption to be indulged in that title was not to pass, until payment and delivery, by reason of the provision in the contract between the defendants and Jones & Co. that "this contract is not contingent upon any other, and is to be settled between the buyer and seller mentioned herein without reference as to gradings or otherwise to any other contract." We do not regard the words "between buyer and seller mentioned herein," as restricting in any way the assignability of the contract or the right of Jones & Co. to resell the coffee before payment or delivery. The provision quoted relates to the separateness of the particular contract from all other contracts, and the intention of the parties that it should be settled without reference to other contracts that might exist between them. It means that the transaction entered into between them by that particular contract is to be an independent one, and the words "between the buyer and seller" add nothing to and take nothing from that provision. There would be quite as much a stipulation to the same effect between the buyer and seller without those words as with them.

We think the demurrer should have been allowed. The interlocutory judgment overruling such demurrer should be reversed, with costs, and judgment directed sustaining the demurrer, with costs in this court and in the court below, and with leave to defendant to amend on payment of all costs. All concur.