C. Ernest Bayne et al., Respondents, v. Anson W. Hard et al., Appellants.

*Bayne* v. *Hard*, 77 App. Div. 251, affirmed.
(Argued March 18, 1903; decided April 7, 1903.)

Appeal, by permission, from an interlocutory judgment, entered December 18, 1902, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term overruling a demurrer to counterclaims set forth in the answer and sustained the demurrer.

The following are the questions certified :

" 1. Is the first counterclaim set forth in the answer insufficient in law upon the face thereof ?

" 2. Is said counterclaim of the character specified in section 501 of the Code of Civil Procedure (the objections specified by the demurrer thereto being that the demand therein set forth could not have been allowed as a counterclaim against T. P. Jones & Co. or Swaney, the assignee of said firm, while the contract of August 10, 1901, belonged to either of them ; that the alleged cause of action set forth in the complaint never accrued either to said firm or to its assignee, Swaney, and that the facts set forth in said counterclaim do not constitute an equitable setoff or recoupment as against the cause of action set forth in the complaint or as against the plaintiffs) ?

" 3. Does the said alleged counterclaim state facts sufficient to constitute a cause of action against plaintiffs ?

" 4. Is the second counterclaim insufficient in law upon the face thereof ?

" 5. Is said second counterclaim of the character specified in section 501 of the Code of Civil Procedure (the objections specified by the demurrer thereto being that the demand therein set forth could not have been allowed as a counterclaim against T. P. Jones & Co. or Swaney, the assignee of said firm, while the contract of August 10, 1901, belonged to either of them ; that the alleged cause of action set forth in the complaint never accrued either to said firm or to its assignee Swaney, and that the facts set forth in said counter-

claim do not constitute an equitable setoff or recoupment as against the cause of action set forth in the complaint or as against the plaintiffs) ?

" 6. Does the second alleged counterclaim state facts sufficient to constitute a cause of action against the plaintiffs ? "

*Edward B. Whitney* and *Charles Bulkley Hubbell* for appellants.

*Howard R. Bayne* for respondents.

Judgment affirmed, with costs, on opinion below. Questions certified answered as follows : First and fourth answered in the affirmative and the rest in the negative.

Concur : PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ.