### KRAUTER v. SIMONIN.

(Circuit Court of Appeals, Second Circuit. June 1, 1921.)

No. 199.

1. Sales ☞387—Modification of terms of payment held question for jury.
    In an action for breach of a contract to accept and pay for a quantity of cocoanut oil, an alleged modification of the terms of payment, being denied by plaintiff, was a question of fact for the jury.

2. Sales ☞319—Remedies of seller on buyer's breach of contract stated.
    A seller, under the common law and Personal Property Law N. Y. §§ 85, 128, 129, 132, 142, on breach of the buyer's contract to accept and pay for goods sold, may indemnify himself by storing or retaining the property for the buyer, and sue him for the entire purchase price, sell it as agent of the buyer, and recover the difference between the contract price and the price so obtained, or keep it as his own and recover the difference between the market price at the time and place of delivery and the contract price.

3. Sales ☞174—Seller need not show that he had goods in stock, where buyer breached contract before date fixed for delivery.
    In an action for breach of a contract to buy cocoanut oil, where defendant failed to give shipping instructions and to furnish a bank credit, as agreed, it was not necessary for the plaintiff, in order to show readiness to deliver the oil, to establish that he had it in stock; defendant's breach of contract excusing further performance by plaintiff, of whom was required only such readiness as was necessary to enable him to make delivery at the time fixed for delivery, such oil being obtainable in the market at the time fixed for delivery.

In Error to the District Court of the United States for the Southern District of New York.

Action by Isaac M. Simonin, trading as C. F. Simonin's Sons, against Sigmund Krauter. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert P. Levis and Max E. Sanders, both of New York City (Gerald B. Rosenheim, of New York City, of counsel), for plaintiff in error.

Travis, Spence & Hopkins, of New York City (Charles M. Travis, of New York City, of counsel), for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On July 16, 1919, the defendant in error agreed to sell and deliver to the plaintiff in error 1,000 barrels of Ceylon grade cocoanut oil, not to contain over 7 per cent. free fatty acid, at a price of 20 cents per pound net cash, without discount. The plaintiff in error agreed to furnish a 90-day confirmed bank credit for documents, payment to be made against an f. a. s. railroad bill of lading, Philadelphia weighmaster's weight certificate and certificate of analysis. By a supplemental agreement on December 1, 1919, there was a substitution of "refined edible cocoanut oil at a price of 24 cents per pound to be made within one month of December 1, 1919." In other respects the contract of July 16, 1919, was confirmed. The complaint alleged that on March 5, 1920, the defendant in error delivered to the plaintiff in error 100 barrels of refined edible cocoanut oil, for which he paid, in accordance with the terms of the contract of December 1, 1919, and again 136 barrels thereof which the plaintiff in error refused to accept or pay therefor. It alleges that thereafter repeatedly from December 15, 1919, to May 23, 1920, the defendant in error notified the plaintiff in error that he was ready to deliver, in accordance with the contract of December 1, 1919, the other 900 barrels and demanded shipping instructions. On the occasion of each demand, the plaintiff in error requested not to ship, but to hold the oil subject to his orders, and on May 20, 1920, the defendant in error notified the plaintiff in error that he would no longer extend the time for delivery beyond May 21, 1920. He failed and refused to give shipping orders or instructions, or to furnish the confirmed bank credit, as required by the contract of December 1, 1919, and it is further alleged that the defendant in error was ready, able, and willing to perform, and has performed, all the terms and conditions of the contract, and damages are demanded in the sum of $15,000.

The answer admitted the making of the contract. It alleges that on July 17, 1919, by mutual consent, the requirements of the contract for a 90-day confirmed bank credit for documents was waived. It is alleged further that toward the end of January, 1920, the defendant in error delivered the balance of 900 barrels and agreed to store them for the plaintiff in error, who agreed to pay for them from time to time as he removed them from the warehouse, and until their removal to pay interest on the purchase price, storage charges, and premiums on insurance. It is further answered that the plaintiff in error was ready, able, and willing to perform, and has performed, all the terms

and conditions, but that the defendant in error failed and refused to comply, and insisted upon immediate payment of the purchase price and the shipment of 900 barrels, and refused to wait for payment until such time or times as the 900 barrels or portion thereof would be removed.

[1] The questions of fact presented by the proofs offered under these pleadings were fairly and accurately submitted to the jury in a charge to which no exception was taken that presents error. The jury have resolved these findings of fact in favor of the defendant in error. The assignments of error urge that the court should have granted the motion of the plaintiff in error to dismiss the complaint, for the reason that the defendant in error failed to establish that he was ready, able, and willing on May 21, 1920, to deliver 900 barrels of refined edible cocoanut oil, and further that the testimony was sufficient to establish that the defendant in error delivered and the plaintiff in error accepted the oil during December, 1919, or January, 1920, and therefore the defendant in error has no cause of action for nonacceptance. This alleged modification of the contract, which constitutes the defense interposed, was denied by the defendant in error, and was therefore a question of fact for the jury.

[2] The defendant in error, upon breach of the contract, had the choice of endeavoring to indemnify himself by storing or retaining the property for the plaintiff in error and then to sue him for the entire purchase price, or he could sell the property, acting as an agent for this purpose of the plaintiff in error, and recover the difference between the contract price and the price obtained on such result, or he could keep the property as his own and recover the difference between the market price at the time and place of delivery and the contract price. He could do this both under the common law and under the Personal Property Law of New York state. See sections 85, 128, 129, 132, 142, of the Personal Property Law (Consol. Laws. c. 41).

[3] The evidence was sufficient to warrant the jury in finding that the defendant in error was at all times ready, willing, and able to perform his obligation of contract by delivery of the oil. It was not necessary to establish that he had the oil in stock. He may have purchased it in the market and resold it to the plaintiff in error. The plaintiff in error breached the contract, as the jury may have found, by his failure to give shipping instructions and to furnish the bank credit. This excused the further performance on the part of the defendant in error, and the readiness and willingness required of the defendant in error at the time of the breach consisted only of such readiness and willingness as must be necessary to enable the defendant in error to make delivery, not at the time of the breach, but at the time fixed for delivery, if the breach had not occurred. If the buyer commits an anticipatory breach of the contract prior to the delivery date, the seller is not obliged to show, in order to recover, that he had the goods of contract, quantity, and quality ready for delivery at the time of the breach; for, had the breach not occurred, he could have subsequently purchased or acquired the goods, so as to

comply with his obligations to deliver on the date fixed in the contract. This contract was not for the sale of any particular oil which the defendant in error was to manufacture or which he had in stock. It was simply a contract for the sale of 1,000 barrels of refined edible cocoanut oil. He could have supplied this oil from any source, and the evidence is clear that such oil was obtainable in the market at the time that delivery was made necessary under the contract; and it further appears that the defendant in error had on hand approximately 1,500 to 1,700 barrels of refined oil and was refining oil at the rate of from 50 to 300 barrels per day.

We find no error in the record, as presented by the assignments of error, which requires our interfering with the result below.

The judgment is affirmed.

⬪⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes