THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. ROBERT L. WHITSON, JR., Appellant.

*Crimes — rape — judgment of conviction reversed.*

People v. *Whitson*, 195 App. Div. 910, reversed.

(Submitted June 6, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 17, 1921, which affirmed a judgment of the Chemung County Court rendered upon a verdict convicting the defendant of the crime of rape in the second degree.

*Wilmot E. Knapp* for appellant.

*Raymond F. Nichols* for respondent.

Judgment reversed and new trial granted on dissenting opinion of COCHRANE, J., below.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE TURNER-LOOKER COMPANY, Respondent, v. ANTONIO APRILE, Appellant.

*Sale — when tender of warehouse receipts a sufficient tender of delivery of merchandise.*

*Turner-Looker Co.* v. *Aprile*, 195 App. Div. 706, affirmed.

(Argued June 6, 1922; decided July 12, 1922.)

APPEAL from a judgment, entered March 30, 1921, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, overruling defendant's exceptions, ordered to be heard in the first instance at the Appellate Division, denying a motion for a new trial and directing judgment in favor of plaintiff upon the verdict directed at the trial court. The action was to recover the purchase price of merchandise alleged to have been sold to defendant. The complaint alleged an agreement to purchase and sell ten barrels of whisky at $3 a gallon in bond and states that the net amount agreed to be paid for said whisky was $1,466.97. It alleged that the plaintiff, through the Lincoln National

Bank, tendered to the defendant the warehouse receipts for said whisky upon the payment of said amount and that the defendant refused to accept said receipts and has since refused to accept said whisky and pay for the same; that the plaintiff holds said whisky for said defendant and is ready and willing to deliver the same upon the payment of the purchase price. The answer contained the following admission: " Admits that on or about May 16, 1918, said plaintiff and said defendant entered into an agreement whereby said plaintiff agreed to sell and said defendant agreed to purchase ten barrels of Kentucky whisky, Spring 1913 or 1914, at the agreed price of Three Dollars per gallon," and then alleged that the plaintiff had not complied with the terms of the agreement, that it had never delivered or offered to deliver said whisky to the defendant.

The Appellate Division held that tender of delivery of the warehouse receipts was equivalent to an actual delivery or a tender of physical delivery of the merchandise.

*Charles D. Newton* and *Dallas C. Newton* for appellant.
*William H. Tompkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
        *v.* JOSEPH RADICE, Appellant.

*Crimes — violation of provision of Labor Law forbidding employment of women in restaurant before six in morning or after ten in evening — judgment of conviction affirmed.*

*People* v. *Radice*, 202 App. Div. 776, affirmed.
(Argued June 6, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 16, 1922, which affirmed a judgment of the Erie County Court affirming a judgment of the City Court of Buffalo convicting the defendant of a violation of subdivision 3 of section 161 of the Labor