ROSENBERG BROS. & Co., Appellant, *v.* F. S. BUFFUM Co., · INC., Respondent.

**Sales — contract — construction of contract for sale of goods F. O. B.— when seller having delivered goods to common carrier consigned to purchaser may recover although purchaser refuses to accept on ground that goods were forwarded without authority.**

1. It is the rule that upon a sale of goods F. O. B., title passes to the purchaser from the moment of delivery to the carrier; the rule is subordinate to intention but the fact that the bill of lading is made out to the seller or order does not indicate an inconsistent intention. When the title has passed, the seller may sue and recover the purchase price even though the buyer has refused to accept the goods.

2. Where contracts for the purchase and sale of goods recite that the purchaser has bought the goods for rail shipment, October-November seller's option, F. O. B. Pacific coast shipping point, and the buyer might within a reasonable time after making the contract have sent instructions as to destination and routing and consignee; but where the contracts contained no provision, express or implied, that the seller should await instructions before shipping, the seller had the right to ship in October, at risk of buyer, after delivery to carrier, to buyer's place of business, no other place having been indicated.

3. Where the contracts were made upon a standard form, adopted by a wholesale grocers' association and a dried fruit association, but

the blank spaces for destination, routing and consignee were left unfilled — the times within which shipments might be made, the quantity, size, grade and variety, bulk basis and price per pound being specified — the omissions were incidental merely. It was not necessary to fill the blanks to complete the contract. They merely left the seller free in the absence of further instructions to ship the goods to buyer's place of business by such direct routing as the seller should select, consigned to buyer or to seller's order. If the buyer chose to leave these matters to the choice of the seller, or to repudiate the contract entirely, it may not now complain.

4. Where, upon an appeal from a judgment of the Appellate Division reversing a judgment in favor of plaintiff, entered upon the verdict of a jury, and directing a dismissal of the complaint, there exists no conflict of evidence or question of fact on which to base the reversal, disapproval of a finding of the jury, that goods had been delivered to the purchaser by the seller, is erroneous and as matter of law the finding and verdict must be reinstated.

*Rosenberg Bros. & Co.* v. *Buffum Co.*, 199 App. Div. 482, reversed.

(Argued December 5, 1922; decided December 12, 1922.)

APPEAL from a judgment, entered January 22, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*James Byrne* and *Joseph Joffe* for appellant. Title passed to the defendant upon delivery of the goods to the carrier. (*Procter & Gamble Co.* v. *Peters, White & Co.*, 187 App. Div. 376; *Sawyer* v. *Dean*, 114 N. Y. 469; *Mirabita* v. *I. O. Bank*, 3 Exch. Div. 164.) The plaintiff was authorized to ship the goods to New York. (*Silverman* v. *Clark*, 96 N. Y. 522; *Miller* v. *Sergeant*, 191 App. Div. 814.) Plaintiff may recover in an action for goods sold and delivered. (Personal Property Law, § 101, rule 2; Williston on Sales, 418; *Procter & Gamble Co.* v. *Peters, White & Co.*, 187 App. Div. 376; *Schantz* v. *Bramwell*, 143 N. Y. Supp. 1057; *Wilcox Silver Plate Co.* v. *Green*, 72 N. Y. 17; *White* v. *Schweitzer*, 147 App.

Div. 544; *Glanzer* v. *Armsby Co.*, 100 Misc. Rep. 476; *International Cheese Co.* v. *Garro*, 187 N. Y. Supp. 300; *Smith Co., Ltd.,* v. *Moscahlades*, 193 App. Div. 126; *Butler Bros.* v. *Herzel*, 87 App. Div. 463; 181 N. Y. 520; *Turner* v. *Aprile*, 195 App. Div. 706; *Horst* v. *Montauk Brewing Co.*, 118 App. Div. 300.)   The defendant having refused to perform upon one specified ground (the lack of authority of Mr. Morse), its right to do so must be limited to the ground specified.   (*Granger Co.* v. *Universal Machinery Corp.*, 193 App. Div. 234; *Littlejohn* v. *Shaw*, 159 N. Y. 460; *Browne* v. *Patterson*, 165 N. Y. 460; *Kewick* v. *Rafter*, 35 App. Div. 508; 165 N. Y. 653; *Hess* v. *Kaufherr*, 128 App. Div. 526; *De Hoff* v. *Aspegren*, 161 N. Y. Supp. 53; *Pierson & Co.* v. *American S. C. Co.*, 194 App. Div. 555; *Gould* v. *Banks*, 8 Wend. 562.)

*Thomas Fleming Walsh, Francis X. Carmody, George A. McLaughlin* and *Chester B. Carleton* for respondent. The delivery being by order bill of lading to order of seller, property did not pass upon tender, especially as the title to the goods is not shown to be in the seller at the time of the tender; the seller is, therefore, limited to an action for breach of contract.   (*Boss* v. *Hutchinson*, 182 App. Div. 88; *Pottash* v. *Cleveland-Akron Bag Co.*, 197 App. Div. 763; *Lyman* v. *Woldert Grocery Co.*, 133 Ill. App. 362; *Farmers Nat. Bank* v. *Logan*, 74 N. Y. 568; *Furman* v. *Union Pacific R. R. Co.*, 106 N. Y. 579; *First Nat. Bank* v. *Ege*, 109 N. Y. 120.)   The delivery attempted to be proven by the plaintiff was not in law the delivery required by the contract.   The contract is silent as to place of delivery, unless place of delivery, is supplied otherwise.   Delivery must, therefore, be made at plaintiff's place of business; the routing provisions required seller to request shipping instructions.   No shipping instructions requested or given.   Tender in New York, therefore, is not delivery under the contract.   (*Perley* v. *Shubert*, 121 App. Div. 786; *Miller & Sons Co.* v. *E. M.*

*Sergeant Co.,* 191 App. Div. 814; *Gross* v. *Ajello,* 132 App. Div. 25; *Boss* v. *Hutchinson,* 182 App. Div. 88; *Bliss Co.* v. *U. S. Incandescent Gas Light Co.,* 149 N. Y. 300; *Boiko* v. *Atlantic Woolen Mills,* 195 App. Div. 207; *Drake* v. *White Sewing Machine Co.,* 133 App. Div. 446; *Hunter* v. *Wetsell,* 84 N. Y. 549; *I. M. Co.* v. *Southern Co.,* 93 App. Div. 309.) On a complaint for goods sold and delivered plaintiff cannot recover except upon a complete delivery placing the goods in possession or under the control of the buyer. Delivery to carrier upon bill of lading to order of seller is not sufficient delivery. (*Gross* v. *Ajello,* 132 App. Div. 25; *Broun* v. *Sorscher,* 176 N. Y. Supp. 472; *J. A. Kirsch & Co., Inc.,* v. *Roulston, Beckert & Co., Inc.,* 178 N. Y. Supp. 246; Williston on Sales, 412, 414, 415, 457, 458, 826, 827; *Boss* v. *Hutchinson,* 182 App. Div. 88; *Robinson & Co., Inc.,* v. *Krum,* 195 App. Div. 873; *American Mills* v. *Hoffman Corr. Mfg. Co,* 275 Fed. Rep. 285; *United States* v. *Andrews,* 207 U. S. 229; *Smith Co.* v. *Moscahlades,* 193 App. Div. 126; *Turner Looker Co.* v. *Aprile,* 195 App. Div. 706; *Sawyer* v. *Dean,* 114 N. Y. 469; *Glanzer* v. *Armsby Co.,* 100 Misc. Rep. 476.) Respondent in notifying the seller that it would not perform the contract and placing its refusal on the ground of lack of authority of its agent to enter into the contract, does not thereby waive performance of the contract according to its terms. The seller thereupon had the option to declare the contract breached and sue for damages or to perform the contract, in which event it must perform according to the terms of the contract. (*Alsens American Portland Cement Works* v. *Degnon Contracting Co.,* 222 N. Y. 34; *Ripley* v. *Ætna Insurance Co.,* 30 N. Y. 136; *Granger Co.* v. *Universal Machinery Corp., Ltd.,* 193 App. Div. 235; *Gardner* v. *Clark,* 21 N. Y. 399; *Hadfield* v. *Colter,* 188 App. Div. 563; *Rubber Trading Co.* v. *Manhattan R. Mfg. Co.,* 221 N. Y. 125; *Miller* v. *Ungerer,* 188 App. Div. 655.)

Pound, J.  Plaintiff, appellant, hereinafter referred to as the seller, is a California corporation doing business in San Francisco.  Defendant, respondent, hereinafter referred to as the buyer, is a New York corporation doing business in the city of New York.  The action is for the purchase price of two carloads of dried prunes according to the terms of written contracts executed in May and June, 1920.  The contracts are of a standard form known as " California Dried Fruit Contract (Rail Shipment) adopted by National Wholesale Grocers' Association of the United States and Dried Fruit Association of California."  Blanks for destination, routing and consignee are left unfilled.  Time of shipment is " October-November Sellers Option."  Quantity, size, grade and variety, bulk basis and price per pound are specified. Terms are stated to be " F. O. B. Pacific Coast rail shipping point."  Terms of payment are fully specified.

Provisions are made in general terms for routing. " Seller shall, where possible, recognize routing named by Buyer, but Seller has option of selecting the initial line  *  *  *.  Change in routing from rail to water shipment (if requested) is subject to Seller's confirmation."  It is provided that " notwithstanding shipped to Seller's orders, goods are at risk of Buyer from and after delivery to carrier."  Many details not applicable to the present controversy are also provided for.

The seller, in November, 1920, placed the goods upon the cars in California for shipment to New York and received bills of lading therefor drawn to seller or order. The bills of lading indorsed in blank were forwarded to a bank in New York with drafts for the price attached thereto and were presented to the buyer who refused to accept them for the reason that the goods were forwarded without its authority.  When the carrier notified buyer of the arrival of the goods at destination, it refused to accept them for the same reason.

One of the main points in difference was over the

authority of buyer's agent, F. A. Morse, to execute the contract on its behalf. This was resolved in plaintiff's favor by the verdict of the jury.

At the trial plaintiff obtained a verdict for $19,072.20. The Appellate Division reversed the judgment, dismissed the complaint and reversed " the finding of the jury that there was a delivery of the goods in question to the defendant." The reversal was put on two grounds: *First,* the seller was not authorized by the terms of the contracts to ship the goods to New York without instructions from the buyer as to route and destination, and *second,* the property in the goods did not pass to the buyer upon delivery F. O. B. at point of shipment. We held in *Standard Casing Co., Inc.,* v. *California Casing Co., Inc.* (233 N. Y. 413) that upon a sale F. O. B., title passes to the seller from the moment of delivery to the carrier; that the rule is subordinate to intention but that the fact that the bill of lading is made out to the seller or order does not indicate an inconsistent intention. The case cited is conclusive on the question of delivery. When the title has passed, the seller may sue and recover the purchase price even though the buyer has refused to accept the goods. (*Turner-Looker Co.* v. *Aprile,* 195 App. Div. 706; affd., 234 N. Y. 517.)

On the other point, the contracts are complete and their terms are plain. They are not mere options to be defeated by buyer's failure or neglect to send shipping instructions. So long as buyer took the position that no binding contract had been made, it could not give such instructions even though it had been requested to do so. It is, therefore, not prejudiced by seller's failure to ask for further directions. The contracts recite that Buffum & Co., of New York city, has bought the prunes for rail shipment, October-November seller's option, F. O. B. Pacific coast rail shipping point. While the buyer might within a reasonable time after making the contract have sent instructions as to destination and

routing and consignee, the contracts contained no provisions, express or implied, that seller should await instructions before shipping. The seller had the right to ship in October at risk of buyer after delivery to carrier, to buyer's place of business, no other place having been indicated. The unfilled blanks were incidental merely. It was not necessary to fill them to complete the contract. (*Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359.) They merely left the seller free in the absence of further instructions to ship the goods to buyer's place of business by such direct routing as the seller should select, consigned to buyer's or to seller's order. If the buyer chose to leave these matters to the choice of the seller, or to repudiate the contract entirely, it may not now complain.

The facts as to delivery are not in dispute. The reversal of the finding of the jury, impliedly and necessarily included in its general verdict, that there was a delivery, was a reversal on the law. The Appellate Division could not disapprove the finding except on the evidence. It is not contended that there was no delivery " F. O. B. Pacific Coast Rail Shipping Point." As no conflict of evidence or question of fact exists on which to base the reversal, disapproval of the finding of the jury on this point was erroneous and as matter of law the finding and verdict should be reinstated. (*Waddle* v. *Cabana*, 220 N. Y. 18; *Goodman* v. *Marx*, 234 N. Y. 172, 174.)

The judgment of the Appellate Division should be reversed and the judgment of the trial court affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.