## BIRDSONG et al. v. W. H. & F. JORDAN, JR., Inc.

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

No. 205.

1. **Sales ⊘⟞340—Passing of title may precede delivery and acceptance of goods.**

   Under Personal Property Law N. Y. § 100, where by the contract of sale the property is to be delivered at a particular place, title passes to the buyer when the goods reach the place agreed upon, whether they are accepted or not, and on refusal of the buyer to accept the goods the seller may sue for the contract price, or may sell the goods for the buyer's account and sue for the balance after crediting the proceeds, or may sue for damages.

2. **Sales ⊘⟞340—Proper tender of delivery is equivalent to actual delivery.**

   A proper tender of delivery is equivalent to actual delivery, and vests title in the purchaser, so that in spite of the purchaser's actual refusal to accept the title passes, and the seller may maintain an action for the purchase price.

3. **Sales ⊘⟞340—Passing of title and of possession under contract may be separate and distinct.**

   Where title passes prior to transfer of possession to the buyer, possession of the goods has no bearing on the question of when title passes, as respects right to sue for purchase price.

4. **Sales ⊘⟞199—Title may pass simultaneously under sale and resale.**

   Where a buyer of goods makes a resale, delivery to be made at the same time and place as delivery to him, the title may pass simultaneously to both purchasers.

5. **Arbitration and award ⊘⟞89—Testimony of arbitrators held competent as to matters involved in the arbitration.**

   Testimony of arbitrators chosen to decide whether merchandise was of the quality required by a sale contract *held* competent in an action against a resale purchaser, who refused to join in the arbitration.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by W. H. & F. Jordan, Jr., Inc., against Thomas H. Birdsong and others, partners as Birdsong Bros. Judgment for plaintiff, and defendants bring error. Affirmed.

James C. Cleary and Jerome A. Strauss, both of New York City, for plaintiffs in error.

Everett, Clarke & Benedict, of New York City, Herman S. Hertwig, and William Montague Geer, Jr., both of New York City, for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The plaintiff below sued for breach of contract of sale. It contracted, on December 31, 1919, with the Hagemeyer Trading Company, for the purchase of 50 tons of Java shelled peanuts shipped from Java December and/or January, of fair average quality of the season at the time and place of shipment, to be landed on the dock at New York, and to be paid for cash against delivery order at the rate of 13½ cents per pound. On January 8, 1920, it contracted to sell 50 tons of Java shelled peanuts to the defendants

⊘⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

below at 14½ cents per pound on the same terms. Thus it contracted for a resale of the peanuts. Both contracts provided that any difference arising between the parties should be settled by arbitration at New York. The peanuts were shipped on December 22, 1919, and arrived on March 4, 1920, at the dock in New York. Both contracts provided that the buyer should examine the goods before removal from the dock. The plaintiff below, having received a sample order, passed it on to the defendants below for examination. After the examination of the peanuts, declaring that they were wormy and showed slight signs of mold, the defendants below rejected them, and stated that they considered the contract canceled. There was evidence that the goods were up to the average of the season's crop and were sufficient to make a good delivery under the contract with the defendants below. But upon receipt of the complaint the plaintiff below communicated with the Hagemeyer Trading Company and requested an arbitration, as provided for in that contract. This was consented to.

Thereupon the plaintiff below requested the defendants below to join in this arbitration under terms which were fair, and this they refused to do. Some correspondence ensued. From the record it is apparent that the real cause of the refusal to accept the goods was the drop in price of the peanuts and the opportunity which was afforded the defendants below to purchase elsewhere at a much lower price. After notice to the defendants below, the peanuts were sold at a loss of $7,685.06. The arbitration between the plaintiff below and the Hagemeyer Trading Company was had, and resulted in a finding that, "after thorough examination of samples submitted, arbitrators decide that the peanuts in dispute are a good delivery under the terms of the contract." Notice of this award was given to the defendants below, and a final demand for payment was made, which was refused. Thereupon this action to recover the loss was instituted. The first cause of action was for breach of contract, and the second, which was based upon the arbitration award, was dismissed by the court.

[1] Error is charged in the ruling of the court below that the title to the goods had passed to the defendants below. The action in form was for the balance of the purchase price, after crediting against it the net proceeds of the resale made for the account of the defendants below, because of the perishable nature of the goods and delay and refusal to take the same. It is argued that under the Sales Act (New York Personal Property Law [Consol. Laws, c. 41] § 144, subd. 1) there can be no vesting of title in a buyer, unless and until the buyer signifies his acceptance of the goods, and, if the buyer does not accept, the sole remedy of the seller is an action for damages for breach of contract, measured by the difference between the contract and market price at the time and place of delivery. Title may pass prior to delivery, and without regard to the acceptance or nonacceptance by the buyer. Section 100, rule 1, of the Personal Property Law, in express terms provides that a sale of specific goods in a deliverable state passes title when the contract is made, and it is immaterial whether the time of payment or time of delivery or both be postponed. And rule 2 provides that, where there is a contract to sell specific goods and the

seller is bound to do something to the goods for the purpose of putting them in deliverable state, the title to the property passes as soon as the goods are put into deliverable state, and it is immaterial whether the delivery or payment, or both, are stipulated to take place at a subsequent time, provided, of course, that the stipulation in regard to the delivery is not that the seller is to deliver the goods to the buyer or to a particular place. In the latter case, under rule 5, the title passes, when the goods have reached the place agreed upon, and the actual acceptance of the goods by the buyer is immaterial.

[2] The Court of Appeals of the state of New York, in construing the Sales Act, has held that title passes when the goods are delivered to the seller at the place agreed upon, as on board cars at the place of shipment and that proofs showing such delivery complying with contract requirements entitle the seller to his purchase price in spite of the buyer's refusal to accept the goods on arrival at point of destination. Rosenberg v. Buffum, 234 N. Y. 338, 137 N. E. 609; Standard Casing Co. v. California Casing Co., 233 N. Y. 413, 135 N. E. 834. We held in Krauter v. Simonin, 274 Fed. 791, where the buyer neglected to supply shipping instructions on the sale of a cargo of oil, that the seller had the option to sue for the full purchase price or to sell the goods for the account of the buyer and sue for the balance of the purchase price remaining unpaid after crediting the proceeds, or could sue for damages. In that case, payment was to be made against an f. a. s. bill of lading. A proper tender of delivery is equivalent to an actual delivery, and vests title in the purchaser, so that in spite of the purchaser's actual refusal to accept, the title passes, and the seller had a right to maintain an action for the purchase price. Turner v. Aprile, 234 N. Y. 517, 138 N. E. 429. Thus, the highest court of the state of New York has concluded in construing the Sales Act, that actual acceptance by a buyer is of no importance on the question of the passage of title, even in the case where the contract requires the seller to deliver direct to the buyer. When the goods reached the dock in New York, they reached the place agreed upon, and title passed to the defendants below at that time, providing the plaintiff below had title.

[3] But it is argued that, inasmuch as at the time the goods were discharged on the dock they were in the possession of the Hagemeyer Trading Company, there could be no delivery until it acknowledged to the defendants below that it held the goods on behalf of the defendants below. In this argument, confusion is made between the question of possession and that of title; they must be considered, and are, distinct and separate. Where title passes prior to the transfer of possession to the buyer, the question of possession of the goods has no bearing upon the question of when title passes. Section 124, subd. 3, of the Personal Property Law, deals with the question of the transfer of possession from the seller to the buyer where the contract requires the seller to make such transfer. That is not pertinent to the inquiry in this case. The defendants below never entitled themselves to possession, for they refused to accept the goods and to pay therefor. They repudiated the contract for the reason, which has been held by a jury to be untenable, that the goods were not of the quality called for by

the contract. We therefore hold that, when the goods arrived at the dock in New York, since they were of the quality required by the contract, as found by the jury, the plaintiff below had done everything with the goods that the contract required them to do, and title passed at that time and place. The fact that the plaintiff below purchased from the Hagemeyer Trading Company, and that the latter company had a vendor's lien on the goods for the purchase price owed by the plaintiff below, does not in any wise affect the question of the passage of title.

[4] The plaintiff below acquired title from the Hagemeyer Trading Company when the goods were landed on the dock, and thus it acquired title sufficient to pass to the defendants below. Such sale and resale of goods are of frequent occurrence, and the title may pass simultaneously in this way to several purchasers. Bayne v. Hard, 77 App. Div. 251, 79 N. Y. Supp. 208, affirmed 174 N. Y. 534, 66 N. E. 1104. The contract did not provide for delivery on approval or trial. The plaintiff below had the goods on the dock, and the only right of inspection granted to the defendants below did not require a transfer of the property until the examination was had. It was not contemplated that there be an inspection by the defendants below by a change of possession or delivery. What was intended was an examination made for the purpose of the purchaser making known any complaint in regard to quality while the goods were still available to the seller for sample, and in order to enable the seller in such event to obtain authentic samples and call for an arbitration to determine whether a good delivery to the dock had been made and whether the purchaser must accept and pay for the goods. The contract provided for two contingencies: The first that, if the goods failed to arrive, no sale would take place and therefore no title pass; the second that, if the Department of Agriculture should refuse entry to the goods, the buyer should not be bound to accept them, and therefore the contract would be canceled.

[5] Error is assigned in that, upon the trial, the court permitted testimony in regard to the arbitration between the plaintiff below and the Hagemeyer Trading Company. The testimony of the three witnesses who examined the peanuts, and who acted as arbitrators was accepted. Their examination and arbitration was pursuant to the terms of the contract. Their credibility was for the jury. The interest of such witnesses, and the circumstances under which they examined the goods, were all for the jury's consideration, so that the jury might properly weigh their testimony. It was competent for the plaintiff below to show that these three witnesses, who examined the peanuts and expressed their opinions on the question of quality, were acting in a disinterested capacity as arbitrators. The court declined to receive the decision of the arbitrators on the arbitration. We find no error in the acceptance of this testimony. Fudickar v. Guardian Mutual Life Ins. Co., 62 N. Y. 393; Lamb v. Norcross, 208 N. Y. 427, 102 N. E. 564. We have examined the other errors assigned as to the admission and exclusion of testimony and approve the rulings of the learned District Judge. We regard the arguments presented as to these assignments of error without force.

Judgment affirmed.