PETER STAITI and Another, Appellants, *v.* LAWRENCE LAUDISI, Respondent.

First Department, June 3, 1927.

**Sales — action on check given for purchase price of carload of grapes — counterclaim based on breach of warranty as to condition — weight of evidence shows that sale was made f. o. b. point of shipment — remedy by defendant, if any, is against carrier — if defendant sold part of grapes he is chargeable with value thereof.**

This is an action to recover on a check given by the defendant in payment of a carload of California grapes. The defendant pleaded a counterclaim based on an alleged warranty as to the condition of the grapes in which he alleges that the grapes when delivered were not in a usable or merchantable condition and this fact is supported by the evidence. The contention by the defendant that the grapes were sold as of the point of delivery is not sustained by the evidence. The evidence establishes that the sale was made f. o. b. the point of shipment in California, and that, therefore, the risk of deterioration was upon the vendee and his remedy, if any, is against the carrier.

The evidence establishes that the defendant knew that the shipment was f. o. b. inasmuch as the bill of sale indicates that fact, and inasmuch as the evidence shows that the bill of lading was delivered to the defendant before the check was given and the grapes accepted. It also appears that the defendant paid the freight from California.

On a new trial, if it is shown that the defendant sold some of the grapes, he should be charged with the value thereof.

APPEAL by the plaintiffs, Peter Staiti and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of December, 1925, upon the verdict of a jury, and also from an order denying plaintiffs' motion for a new trial made upon the minutes.

*Mitchel Fruitstone,* for the appellants.

*Adolph Ruger* of counsel [*Hyman J. Fliegel* with him on the brief; *Ruger Brothers,* attorneys], for the respondent.

O'MALLEY, J. The action was upon a check given by the defendant to the plaintiffs in payment for a carload of California grapes. Two checks are involved. The action was originally predicated upon the first check, upon which payment was stopped. Subsequently a second check was given as a substitute for the first check and payment on the latter was also stopped. Upon the trial the pleadings were amended so as to have the action predicated upon the second rather than the first check.

The defendant succeeded upon his counterclaim below upon the theory of a breach of warranty as to the condition of the grapes.

His proof tended to show that he was told the grapes were contained in a refrigerator car in Jersey City, and that they were in a usable or merchantable condition. The plaintiffs, on the other hand, contend that the sale was an f. o. b. shipment from California, and as such it was at the vendee's risk from the point of shipment, and that any right of recovery for deterioration in transit was against the carrier. The question presented is whether defendant's evidence was sufficient to justify a finding of warranty as to condition, or whether the weight of the credible evidence did not establish a sale of an f. o. b. shipment at the vendee's risk.

The defendant claims that when the sale was finally consummated and the first check given in payment, he received simply a bill of sale unaccompanied by the bill of lading. Hence, he claims, he was ignorant of the point of shipment and was led to believe that the car was then on the tracks in New Jersey, from which place plaintiffs promised to transfer it to Long Island City. The plaintiffs' evidence, on the other hand, tended to show that not only the bill of sale, but also the bill of lading was delivered to the defendant in the first instance, and that from the outset the defendant had full knowledge that he was purchasing an f. o. b. shipment from California.

We are of opinion that the finding of the jury in defendant's favor on the issue thus presented was against the weight of the evidence. The bill of sale which defendant admits having received recites " Merchandise sold f. o. b. Shipping Point," and described the sale of " One Bill of Lading for car W. P. [obviously Western Pacific] 16054." Moreover, the defendant's claim that he did not receive the bill of lading with the bill of sale is negatived by documentary evidence. It appears that the sale was made October 4, 1922. Defendant testified that when he discovered the car was not in Jersey City, he stopped payment upon the first check; that when he was assured by the plaintiffs that the car had arrived and would be transferred to Long Island City, he delivered the second check. He did this on October tenth, but claims not to have received the bill of lading until later the same day. The bill of lading itself, however, bears a " canceled " stamp under date of October ninth, which is almost conclusive evidence that the defendant had it in his possession upon the latter date and had presented it to the railroad. In addition, defendant admits having paid the full amount of the freight from California, a sum in excess of $500. Clearly this is inconsistent with his claim that the sale was of a car of grapes in Jersey City, and that he understood that place to be the point of shipment rather than California.

Plaintiffs' evidence directly contradicted the defendant respecting

the alleged representations that the car was in New Jersey or that any warranty was made. One of the plaintiffs testified that the defendant was told that the car was somewhere in, or just outside of, New York State. Both plaintiffs gave testimony tending to show that after the defendant received the bill of lading on October fourth, he attempted, without success, to return it to them, and that he at all times had it in his possession from October fourth.

Concededly when the car was opened on April eleventh, the grapes were in such a decomposed condition that they were condemned by the city authorities and their destruction ordered. The city inspector called by defendant as his own witness testified that in his presence and that of the defendant one of the plaintiffs stated that he had sold the grapes f. o. b. Stockton, Cal., and that defendant showed him the freight bill " Shipped from Alba Grapefruit Company, Stockton, Cal.," and told the witness that he had paid the freight charges from that point.

The bill of lading contained the usual recital that the grapes were received in " apparent good order." As the defendant in the circumstances here disclosed was bound by its provisions, he had no claim against these plaintiffs. The sale was of an f. o. b. shipment at his risk. Any rights or liability based upon deterioration after the receipt of the goods by the carrier would lie between the latter and the defendant. (*Standard Casing Co.* v. *California Casing Co.*, 233 N. Y. 413.)

As there must be a new trial, we think it incumbent upon us to refer to evidence in the record tending to show that, notwithstanding the alleged unmarketability of the grapes, the defendant appears to have sold some 260 lugs out of the 960 lugs contained in the car. Upon this appeal plaintiffs urge that in any view of the case they would be entitled to credit for the amount realized by the defendant from the sale of any portion of the shipment. No mention of this was made in the court's charge, and plaintiffs' counsel seems to have taken no exception or made any specific request upon this subject. Had he done so, clearly he would have been entitled to an instruction that the defendant was chargeable with any portion of the grapes that had been sold.

It follows that the judgment should be reversed on the law and the facts, and a new trial ordered, with costs to appellants to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.