EDWIN K. BREADY, Doing Business under the Name and Style of GIRARD WORSTED Co., Respondent, v. B. A. WECHSLER Co., INC., Appellant.

First Department, March 3, 1922.

**Sales — action for purchase price of goods — evidence of appropriation of goods to contract by seller with consent of buyer not admissible under complaint alleging sale and delivery — appropriate allegations for complaint in action for purchase price based on appropriation of goods to contract by seller with consent of buyer — tender of delivery and refusal to accept not equivalent to actual delivery and does not authorize recovery of purchase price under Personal Property Law, § 132.**

In an action for the purchase price of goods, under a contract which provided for delivery at a particular place, wherein the complaint alleges sale and delivery, but the goods were not actually delivered, it is reversible error to admit, over defendant's objection that the evidence was not within the pleadings, evidence offered by plaintiff to the effect that the goods were set aside by plaintiff at its place of business, and there retained at the request of defendant on its representation that it was not ready to receive them.

*It seems*, that if plaintiff had alleged that the goods, in a deliverable state, had been unconditionally appropriated to the contract, with defendant's assent, a recovery might be sustained under subdivision 1 of rule 4 of section 100 of the Personal Property Law.

*It seems*, that a tender of delivery and refusal to accept the goods would not be equivalent to an actual delivery as alleged, nor would it authorize a recovery of the purchase price under section 132 of the Personal Property Law.

APPEAL by the defendant, B. A. Wechsler Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of New York on the 11th day of January, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of March, 1921, denying defendant's motion for a new trial made upon the minutes.

*William R. Page,* for the appellant.

*Campbell, Flaherty, Turner & Strouse* [*Charles J. McDermott* of counsel; *Lazarus Goldstone* with him on the brief], for the respondent.

LAUGHLIN, J.:

The complaint alleged *a sale and delivery* of goods to the defendant at the city of New York between the 3d and 23d of March, 1920; that the goods were of the fair and reasonable value of $4,489.62, and defendant promised and agreed to pay that amount therefor, but, although demand has been duly made, it has failed to pay any part thereof. Defendant put in issue the material allegations of the complaint and pleaded four separate defenses. One of the defenses consists of a plea of the Statute of Frauds. Another was a plea that the plaintiff was not the real party in interest. The others are predicated on breaches of warranty and of a contract alleged to have been made between the parties on or about the 10th of December, 1919, by which the plaintiff agreed to sell to the defendant certain goods, which defendant alleges are the goods mentioned in the complaint, and with respect thereto it is alleged that owing to the plaintiff's failure to perform the contract, defendant rescinded and offered to return part of the goods delivered under the contract and refused to accept any further deliveries of goods thereunder and that there was an accord and satisfaction.

It developed on the trial that the goods, the purchase price of which the plaintiff seeks to recover, were part of the goods covered by a contract in writing between the parties bearing date December 10, 1919, as alleged by the defendant. This eliminated the defenses of the Statute of Frauds and that the plaintiff was not the real party in interest. In support of the general allegations of the complaint with respect to the sale and delivery of the goods, the plaintiff offered the contract of December 10, 1919, in evidence. It was for the sale and delivery of twenty-five pieces of Bolivia goods of four colors. The purchase price was merely stated to be seven dollars. The contract does not state the number of yards of goods in each piece. It was assumed on the trial that the designated purchase price was per yard. Although the contract was for the sale of twenty-five pieces of goods, it was stated by counsel for the plaintiff on the trial, and acquiesced in, that it was only intended to cover the sale of twenty-four pieces. The evidence shows that twelve pieces of the goods were actually delivered,

accepted and paid for. The recovery was on the basis of seven dollars per yard for twelve pieces, which are still in the possession of the plaintiff, and neither delivery nor tender of delivery thereof was shown. Although actual delivery was alleged, plaintiff, instead of showing delivery, was permitted, over defendant's objection and exception duly taken that it was not within the issues since the action was·for goods not only sold but actually delivered, to show that the goods were set aside by the plaintiff, at its place of business and there retained at the request of the defendant and on its representation that it was not ready to receive them. It was not even shown that the goods so set apart were of the description of the goods embraced in the contract, but no objection was taken presenting that precise point and, therefore, perhaps it may be said that it was assumed that they were of such description. The record indicates that the learned trial court was in doubt as to whether the complaint sufficiently showed that the parties agreed with respect to the value of the goods; and on that point an amendment was allowed to conform to the evidence which then consisted of the contract showing the agreed price of the goods as already stated. Defendant promptly interposed the objection and saved the point throughout the trial that since the complaint was for goods both sold and delivered and contained no appropriate allegation upon which it could be claimed that the title to the goods had passed without delivery, there could be no recovery without proof of actual delivery. The uncontroverted evidence shows that the defendant claimed that the twelve pieces of goods that were delivered under the contract were not of the quality required thereby, and on that ground before paying therefor sought a cancellation of the contract with respect to the sale and delivery of the remaining pieces; but that the plaintiff insisted that the defendant take the remainder of the goods. Representatives of the parties then met with a view to adjusting the controversy. The evidence on the part of the plaintiff is to the effect that at the conference the defendant merely claimed that it was not convenient for it to receive any more of the goods at that time, and at defendant's request he set apart and held for it at his place of business the remaining twelve pieces of the goods. The evidence on the part of the defendant with respect to that interview is to the effect that it was agreed that it should waive its objections to the goods theretofore delivered and pay therefor and that the contract with respect to the undelivered goods should be canceled. The issue of fact depending upon the agreement arrived at between the parties as the result of these negotiations was submitted to the jury. The verdict indicates that they found that the agreement

as claimed by the plaintiff was made.    In the view we take of the case, it is unnecessary to consider whether the verdict is supported by a preponderance of the evidence.    Plaintiff attempted to prove a tender of delivery and rejection of three of the pieces of the goods in February but no competent evidence of such tender and rejection remains in the record.    A tender of delivery and refusal to accept the goods, however, would not be equivalent to an actual delivery as alleged, or authorize a recovery of the purchase price under the provisions of the Personal Property Law (§ 132, as added by Laws of 1911, chap. 571).    Section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571) gives the seller a right of action for damages where a tender of delivery is refused and specifies the measure of the damages.    Section 144 (as added by Laws of 1911, chap. 571) authorizes an action for the recovery of the purchase price of the goods where the property in the goods has passed to the buyer and also where it has not so passed, provided the provisions of section 145 are not applicable and the goods cannot readily be resold for a reasonable price.    On the theory of a wrongful refusal to accept delivery of goods, the remedy where the title has not passed is an action for damages under section 145.    Plaintiff's claim is that the property in the goods passed to the buyer by virtue of subdivision 1 of rule 4 of section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571) on the theory that the evidence shows that the goods in a deliverable state were unconditionally appropriated to the contract by the plaintiff with the defendant's assent.    If it had been so alleged, a recovery on that theory might be sustained; but here actual delivery was alleged and the sale is predicated on a contract in writing which required delivery to be made by shipping the goods to the buyer at 1199 Broadway, borough of Manhattan, New York.    This brings the case within rule 5 of section 100 (as added by Laws of 1911, chap. 571), which provides that if the contract requires the seller to deliver the goods to the buyer, or at a particular place, the property in the goods does not pass until they have been delivered to the buyer or left at the place agreed upon.    The plaintiff by his complaint stood upon the contract without alleging the subsequent agreement under which he might have claimed that the provisions of the contract with respect to delivery were waived and superseded.    In *Robison & Co., Inc.,* v. *Kram, No. 1* (195 App. Div. 873) we held that where a recovery is sought on the theory that the title has passed to the buyer, not by actual delivery but by the goods having been appropriated to the contract under subdivision 1 of rule 4 of section 100, the facts showing that under the statute the

property in the goods passed to the buyer, should be alleged to the end that the defendant may be apprised of the plaintiff's claim in that regard. That decision is controlling here and requires a reversal. It follows that the judgment and order should be reversed, with costs, and the complaint dismissed on defendant's exception to the denial of its motion for a dismissal made at the close of the evidence, with costs.

Clarke, P. J., Dowling, Page and Merrell, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.