said International Brotherhood of Electrical Workers, and the constitution and by-laws of the said Local Union No. 3, either personally or otherwise, or through any other persons acting under their command and instructions as agents, servants and employees, and also provided that the plaintiff recover from all the defendants, appellants, damages in the sum of $600.

*William D. Mc Nulty* for appellants.

*Nathan D. Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEO. BOIKO & CO., INC., Respondent, *v.* ATLANTIC WOOLEN MILLS, INC., Appellant.

*Contract — sale — action to recover purchase price of goods sold — when title to goods sold passes to purchaser.*

*Boiko & Co., Inc.,* v. *Atlantic Woolen Mills, Inc.,* 195 App. Div. 207, affirmed.

(Submitted October 18, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 23, 1921, which affirmed a determination of the Appellate Term affirming a judgment of the City Court of the city of New York entered upon a verdict. The action was brought to recover the agreed price and reasonable value of two bales of khaki overcoat clippings at forty-five cents per pound, and one bale of worsted clippings at seventy-five cents per pound, claimed by the plaintiff to have been sold and delivered to the defendant. The question was whether the title to the goods passed from plaintiff to defendant, and the defendant wrongfully refused to pay. It was held that no place of delivery having been specified in the contract, the place of delivery was the seller's place of business and where the two bales of overcoat clippings were already made up and in a deliverable state at the time the written order was received by the plaintiff,

and the worsted clippings were existing goods in possession of the plaintiff, the title to the three bales passed when the worsted clippings were sorted and made into a bale so that they were in deliverable shape and all were set aside and tagged, and these facts having been proved, plaintiff was entitled to recover.

*Edmond E. Wise, Leon Lauterstein* and *Meyer Boskey* for appellant.

*George W. Glaze* and *Samuel Fine* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

LEOKADYA JANISZEWSKI, as Administratrix of the Estate of MARION JANISZEWSKI, Deceased, Respondent, *v.* SCHENECTADY RAILWAY COMPANY, Appellant.

*Negligence — railroads — action for death of passenger who on alighting from interurban car passes in rear thereof and is killed by car approaching on other track.*

*Janiszewski* v. *Schenectady Railway Co.*, 202 App. Div. 859, affirmed.

(Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The plaintiff's intestate at about ten-twenty-five o'clock in the evening of October 2, 1921, got off an east-bound car of the defendant on its interurban road, between the cities of Schenectady and Albany at station known as 13, which is about four and one-half miles east of the city of Schenectady, and, after that car had started on its way, he passed behind it and over the track on which it ran, and on to the west-bound track where he was struck by a west-bound car and killed. The defense was contributory negligence.