BERKSHIRE COTTON MANUFACTURING COMPANY, Respondent, *v.* SOL COHEN and Another, Appellants.

First Department, February 9, 1923.

Sales — action to recover purchase price — complaint alleged merely sale and actual delivery — recovery cannot be had on proof that goods were set apart by seller and that buyer refused to accept them — complaint in action for purchase price must allege facts bringing case within Personal Property Law, § 144.

In an action to recover the purchase price of goods wherein the complaint alleges merely the sale and delivery of the goods, recovery cannot be had on proof that although there was no actual delivery of the goods in question, the same were set apart by the seller for the buyer, and that the buyer refused to accept them.

It was error, therefore, for the court to permit proof on behalf of the plaintiff that the goods were set aside for the benefit of the buyer.

A complaint in an action to recover the purchase price of goods sold must allege facts bringing the case within the provisions of section 144 of the Personal Property Law.

APPEAL by the defendants, Sol Cohen and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of March, 1922, upon the verdict of a jury rendered by direction

First Department, February, 1923.     [Vol. 204

of the court, and also from an order entered in said clerk's office on the 29th day of March, 1922, denying defendants' motion for a new trial made upon the minutes.

*Sobel & Brand* [*I. Maurice Wormser* of counsel], for the appellants.

*House, Grossman & Vorhaus* [*David Vorhaus* of counsel; *Frederick Hemley* with him on the brief], for the respondent.

MERRELL, J.:

This action was brought by the plaintiff, Berkshire Cotton Manufacturing Company, to recover of the defendants, Sol Cohen and Siegel Cohen, the sum of $20,553.37, the purchase price of a quantity of cotton goods which the plaintiff in its complaint alleges it sold and delivered to defendants at defendants' request for the agreed price and reasonable value of said sum. At the close of the testimony in the case the trial court, upon the plaintiff's motion, directed the jury to return a verdict for the plaintiff in the sum of $22,247.37, the amount of the plaintiff's claim with interest; and the jury rendered a verdict accordingly, and upon this the judgment from which the defendants have appealed was entered.

The complaint alleges the usual common count for goods sold and delivered. It appeared upon the trial that there was no actual delivery of the goods, for the price of which the plaintiff seeks to recover herein; but the plaintiff was permitted to prove, and the court directed a verdict in its favor against the defendants upon testimony offered by the plaintiff, that although there was no actual delivery of the goods in question, the same was allocated and set apart by the plaintiff for the defendants at plaintiff's mill, and that the defendants refused to accept the same.

The contracts under which the plaintiff claims were three in number and consisted of brokers' notes, dated December 16, 1919, December 27, 1919, and December 30, 1919, respectively. Under the first of these notes the goods sold were to be delivered " F. O. B. mill " with " shipping directions later." Under the second contract it was provided that delivery should be made " from mill," and that the goods should be " delivered F. O. B. mill." The third contract provided for " delivery F. O. B. mill " with " shipping instructions later."

There was no delivery of any part of these goods to the defendants. No part of the goods was delivered to any carrier. The expression, " F. O. B. mill," signifies a delivery to the defendants by placing the goods on board some carrier. The Court of Appeals held in *Standard Casing Co.* v. *California Casing Co.* (233 N. Y. 413) that upon a resale F. O. B. title passed from the seller at the moment of delivery to the carrier. The same rule was reiterated

in the case of *Rosenberg Bros. & Co.* v. *Buffum Co.* (234 N. Y. 338), recently decided by the Court of Appeals.

In its complaint the plaintiff alleged a sale and *delivery* of the goods to the defendants. The claimed right of recovery herein was based upon an actual delivery of said goods. The complaint contained no allegations showing a symbolic delivery thereof. Notwithstanding plaintiff's failure to allege any facts to show a symbolic delivery, the trial court permitted the plaintiff to prove facts to show that the title of the goods passed without actual delivery. The error of the trial court clearly was in permitting, over defendants' objection, proof of the allocation of the goods in question by the plaintiff. In *Bready* v. *Wechsler Co., Inc.*, (200 App. Div. 78) this court held that, where the contract for goods required delivery at a certain place, the seller could not show that the goods were set aside at its place of business and retained at the request of the buyer on its representation that it was not ready to receive the goods, where the complaint merely alleged a sale and delivery of the goods without appropriate allegations upon which it could be claimed that title to the goods had passed without delivery. In the complaint in the action at bar there is no allegation of any fact excusing delivery, but, on the other hand, plaintiff's entire cause of action is upon the theory and allegation of actual delivery. Plaintiff's complaint herein would have been good at common law, but since the enactment of the Sales of Goods Act, now embraced in the Personal Property Law, actions for price are governed thereby. Section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571) governs actions for the price of goods sold. By the first subdivision of section 144 it is provided that, where under a contract to sell or a sale the property in the goods has passed to the buyer and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods. Clearly the plaintiff has not brought itself within the first subdivision of said section. The second subdivision of section 144 provides for the sale of goods where the price is payable on a day certain, which likewise is inapplicable to the facts in the present case. The third and only remaining subdivision of section 144 provides that, although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of section 145 (as added by Laws of 1911, chap. 571) are not applicable, the seller may offer to deliver the goods to the buyer, and if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer; and that thereafter

the seller may treat the goods as the buyer's and may maintain an action for the price. None of the conditions provided by subdivision 3 were alleged in plaintiff's complaint. If plaintiff has any cause of action it would be to recover damages for defendants' failure to accept goods tendered. This court has quite recently several times held that the enactment of the provisions of the Personal Property Law, known as the Sales of Goods Act, changed the common law, and that it was now necessary, in the absence of an actual delivery, to plead under the statute the facts with reference to identification and appropriation of goods to the contract. (*Bready* v. *Wechsler Co., Inc.*, 200 App. Div. 78; *Robison & Co., Inc.*, v. *Kram, No. 1*, 195 id. 873; *American Aniline Products, Inc.*, v. *Nagase & Co., Ltd.*, 187 id. 555.) Our attention is called to the case of *Boiko & Co., Inc.*, v. *Atlantic Woolen Mills, Inc.*, which recently passed through this court (195 App. Div. 207), and to the affirmance by the Court of Appeals, without opinion, of the decision of this court in that case (234 N. Y. 583), holding that the title to three bales of worsted clippings passed to the purchaser when the worsted clippings were sorted, made into a bale and put in deliverable shape, and the three bales set aside and tagged, and that thereafter the seller might maintain an action for the purchase price if the purchaser wrongfully refused or failed to pay. And we are told in the brief of the plaintiff, respondent, that the complaint in that case, as in the case at bar, was in the conventional form for goods sold and delivered. An examination of the opinions rendered by this court in the *Boiko & Co.* case clearly shows that when the case was heard and decided here, the question of pleading was not considered. If the complaint in that case was open to the objection raised to the complaint in the case at bar, and had our attention been directed to the faulty pleading, we undoubtedly would have held in accord with our earlier decision in the case of *American Aniline Products, Inc.*, v. *Nagase & Co., Ltd.* (*supra*), and our subsequent decisions in *Robison & Co., Inc.*, v. *Kram* (*supra*) and *Bready* v. *Wechsler Co., Inc.* (*supra*), in which cases this court, with uniformity, held that under a complaint in the conventional form for goods sold and delivered, a party could not prove facts relied upon to excuse actual delivery of the goods upon which the party claimed title to the goods passed to the purchaser.

The judgment appealed from should be reversed, with costs, and the plaintiff's complaint dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.