In re ARMOUR ASH CAN MFG. CO., Inc.

Ex parte BLANK et al.

Circuit Court of Appeals, Second Circuit. December 10, 1928.

No. 85.

Joseph Krinsky and Morris Ehrlich, both of New York City, for appellants.

Joffe & Joffe, of New York City (Louis Joffe and Joseph A. Sarafite, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). ■ We see no reason to disturb the finding below that the 250 boards delivered to the bankrupt for repainting were not among those sold in the lot of 552. Their original delivery to the bankrupt, no doubt, put the burden of proof upon the trustee to show that they were not among the lesser lot; but there was such evidence, and the special master and District Judge believed it. While on this appeal the case is open, we cannot undertake to review such a finding, made by the tribunal of first instance.

■ The case stands otherwise in respect of the 1,204 stands completed by the bankrupt and covered by advances of the buyers, as to

which the facts are not disputed and the question is one of law. It is no doubt true that under the contract, both as originally drawn and as modified, the presumption is that title was not to pass until delivery at the buyers' warehouse. New York Personal Property Law (Consol. Laws, c. 41) § 100, rule 5; Birdsong v. Jordan, 297 F. 742 (C. C. A. 2); Bready v. Wechsler Co., 200 App. Div. 78, 192 N. Y. S. 660, aff'd 235 N. Y. 539, 139 N. E. 726; Kahn v. Rosenstiel (D. C.) 298 F. 656. Whether the further fact that they had not also been wrapped in waxed paper would alone effect the same result under section 100, rule 4 (1), we need not consider.

However, the conduct of the parties during May, June, and July cannot be ignored, if it showed an intention to excuse these conditions and to effect an immediate passage of title, notwithstanding their nonperformance. We think that it did. By the modification of the contract the seller had the right to deliver the stands without tops, if the buyers failed to furnish them. The buyers did fail, and the seller demanded his money, saying that he could no longer hold the stands, as his expenses were running on. Strictly, he was obliged to deliver them as they were before his right became absolute, but the buyers did not insist upon this, not wishing to be burdened with the custody of the stands until they had the tops to make them into boards. Had they paid the contract price, less 5 cents per board, upon all the stands then completed, we do not see how the transaction could have been viewed in any other light than as excusing delivery and passing title.

However, the proof does not show that the payments ever covered all the completed stands, and this is the strongest support for the trustee's position. It is hardly likely that the seller meant to part with title to all stands upon part payment; and perhaps the purpose was not to pass title only to so many as each payment might cover, leaving the rest unaffected, though it is entirely possible that it was. Be this as it may, at bankruptcy the payments had come to cover all the stands which remained, and indeed 200 more. However this arrived, the result could only be to create a situation precisely the same as though the payments had always covered the full contract price for all stands completed when they were made. Certainly we must suppose that the bankrupt assumed that what stands remained were allocable to the unpaid balance, and, since these were not enough to satisfy that balance, it no longer made a difference how the payments had originally been intended. The stands were then, at any rate,

no longer merely security; the buyers had as full property in them as it was possible to have, and the seller could not honestly claim any further interest in them; he could not repay the advances and reclaim the goods—a right necessarily his if the transaction was a loan.

Hence we think it irrelevant whether the payments, when made, always paid in full the contract price upon all the stands on hand, or the effect of the word "advance," written upon the checks. The only just pattern which the facts will bear at the time of petition filed is that of a change of title, and it is this which we mean when we speak of the intention of the parties.

Order reversed, and cause remanded, with directions to allow a recovery of $1,626.