FIRST JUDICIAL DISTRICT OF BERGEN COUNTY.

DAVID RICHTER, TRADING AS RICHTER MANUFACTURING COMPANY, PLAINTIFF, v. CHARLES ZOCCOLI, DEFENDANT.

For the plaintiff, *Jerome Alper.*

For the defendant, *Martin J. Cummins.*

LOSCHE, J.  This case was tried without a jury.  The only question presented is at what place was delivery to be made under the following contract:

"RICHTER MANUFACTURING CO.
Sanitary Food Containers
410-412-414-416 East 32nd Street
New York City

Order No. *596*                          Date *July 9* 1929
Ship to                    *Charles Zoccoli*
At     *82 Teaneck Road, Ridgefield Park, N. J.*
Terms: 2% 10 days, Net 30          Ship: Soon as Possible
Salesman *Deminey*           F. O. B. Factory
    On account of certain kinds of oil in foods, of a penetrating nature, we cannot guarantee these containers to be always grease proof.

*Two* Thousand ½ lb. Paraffine Food Containers
about 60 lbs. to the M
*One* Thousand 1 lb. Paraffine Food Containers
about 80 lbs. to the M
—— Thousand 2 lb. Paraffine Food Containers
about 120 lbs. to the M
—— Thousand 3 lb. Paraffine Food Containers
about 160 lbs. to the M
—— Thousand 5 lb. Paraffine Food Containers
about 200 lbs. to the M

Total *3000*

NEW ADDRESS WASHINGTON & FRONT STS.

BROOKLYN, N. Y.

*Three* thousand sanitary Food Containers at *Thirty-one and half cts.* per lb. (*31½*) net weight printed.

No agreements or representations verbally or otherwise, will be recognized unless specified on this order.

This order is not subject to cancellation.

Signed *C. Zoccoli*

*Cover*                                            Name of Firm

*LOX*

*J 3*                              By                        ”

(The italicized matter is written in pencil and the balance is printed.)

Plaintiff contends that the expression, "F. O. B. Factory," means that its obligation was to deliver the merchandise free on board the carrier at its factory and that the words, "Ship to Chas. Zoccoli at 82 Teaneck Road, Ridgefield Park, N. J.," are merely indicative of the destination to which it was required to advise the carrier to deliver the merchandise.

Defendant, on the other hand, urges that "F. O. B. Factory" would determine the place of delivery were it not for the fact that the contract specifies the place of delivery and the intention of the parties when it says, "Ship to Chas. Zoccoli at 82 Teaneck Road, Ridgefield Park, N. J."

Neither party offered evidence to prove a special meaning of the expression, "F. O. B. Factory." The court, therefore,

must seek its meaning within the four corners of the contract. The expression has been defined frequently. Some courts have taken judicial notice of its meaning. See 1 *Williston on Sales* (*2d ed.*), 598, § 280a; 23 *Corp. Jur.* 125, § 1942; 11 *A. L. R.* 661 (at *p.* 663). Under the authority of 4 *Comp. Stat.* 1910, *p.* 4665, § 74, resort may be had to decisions of courts of other states wherein the Uniform Sales act has been adopted.

The initials themselves stand for "free on board," which more specifically means that the seller is obligated to put the subject of the sale into the hands of the carrier free of expense to the buyer, and the subject of the sale is at the risk of the buyer from such time. *Vogt* v. *Shienebeck*, 122 *Wis.* 491; 100 *N. W. Rep.* 820; 1 *Williston on Sales* (*2d ed.*), 597, § 280a. Such being the meaning of the expressoin "F. O. B.," it remains to be said that "F. O. B. Factory" really means "F. O. B. railroad cars at the factory." *Berkshire Cotton Manufacturing Co.* v. *Cohen*, 198 *N. Y. Supp.* 240. It is obvious, therefore, that title passed thereunder when the subject of the sale was delivered free on board the carrier at plaintiff's factory. The courts of other states have so held. In *Standard Casing Co.* v. *California Casing Co.*, 233 *N. Y.* 413 (at *p.* 416), the New York Court of Appeals said:

"The general rule is that upon a sale 'f. o. b. the point of shipment' title passes from the seller at the moment of delivery to the carrier, and the subject of the sale is thereafter at the buyer's risk. *Williston, Sales*, § 280, *p.* 409; *United States* v. *Andrew & Co.*, 207 *U. S.* 229, 241; *Detroit Southern Railroad Co.* v. *Malcolmson*, 144 *Mich.* 172. The operation of the rule is, of course, subordinate to intention."

To the same effect are: *International Co.* v. *Sun-Maid Raisin Growers* (*Md.*), 127 *Atl. Rep.* 393 (at *p.* 395); *New York & Pennsylvania Co.* v. *Cunard Coal Co.* (*Pa.*), 132 *Atl. Rep.* 828 (at *p.* 829).

Defendant urges that the mere "F. O. B. Factory" without any accompanying word or symbol to indicate that it was used to define the place of delivery is not sufficient to authorize the court in concluding that the expression determines the place

of delivery. The expression has been given such a fixed and definite interpretation that the absence of such word or symbol does not detract from the meaning hereinbefore given it. In fact, the highest court of New York in *Standard Casing Co.* v. *California Casing Co., supra,* held that "F. O. B. San Francisco," governed the place of delivery, even though it appeared under the general heading, "Price."

Defendant calls attention to the Uniform Sales act (4 *Comp. Stat., p.* 4652, § 19, rule 5, and *p.* 4658, § 46(1) ), and insists that the interpretation of "F. O. B. Factory" hereinbefore given must be subordinated if an inconsistent intention be evidenced. That is true. However, the use of the expression, "Ship to Chas. Zoccoli at 82 Teaneck Road, Ridgefield Park, N. J.," which defendant contends evidences such intention, is not inconsistent with the determination that delivery was governed by the expression, "F. O. B. Factory." These words are shipping directions. Plaintiff obviously could not put the merchandise on the railroad cars and tell the carrier to take it to defendant. Such shipping directions were supplied in the expression, "Ship to Chas. Zoccoli at 82 Teaneck Road, Ridgefield Park, N. J."

Judgment should be entered in favor of plaintiff.