Elias Sayour & Co., Inc., Plaintiff, *v.* J. P. Stevens & Co., Inc., Defendant.

Supreme Court, Trial Term, New York County, April 12, 1954.

*John J. Killea* for plaintiff.

*A. J. Asche* for defendant.

F<small>RANK</small>, J.  The pleadings in this case were abandoned at a pretrial conference.  The action is submitted for determination principally upon a stipulation as to facts supplemented by some documentary proof and oral testimony.  It is conceded that the action is for money had and received, and, in addition to a general denial, the defenses are such as would be available upon the cause of action asserted.

The facts as found, based upon the stipulation and the proof, are briefly as follows:  On January 30, 1952, the defendant as seller and the plaintiff as purchaser entered into a written contract for the purchase and sale of about 180,000 yards of finished goods, to be delivered in equal monthly installments during the months of February, March, and April.  The merchandise consisted of acetate fabrics in a state known as grege (grey) goods to be finished as desired.  The contract contains the typed legend, " color assortment to be specified three weeks' prior to delivery date ".  It further provides:  " (8) Buyer must specify assortment with order or within time required in this contract.  If buyer fails to furnish assortment within the time specified, Seller at his option may (A) supply and invoice his own assortment, or (B) segregate the grey goods for the account of Buyer (which shall constitute full performance by Seller under this contract) and immediately invoice such grey goods at the finished goods price.  If Buyer subsequently specifies assortment, Seller, to the extent that facilities are available to him will finish the goods from available patterns and colors only, at no extra cost to Buyer; provided, that any increased

costs incurred in finishing goods resulting from Buyer's delay shall be paid by Buyer; or (C) treat the contract as breached and claim damages for breach thereof. If Seller permits Buyer to complete assortment after time specified, delivery date shall be extended for such period of time as Seller requires to complete performance.''

It is conceded that the plaintiff did not furnish the required color assortment. On April 25, 1952, pursuant to the above-quoted paragraph in the contract, the seller elected to exercise option '' B '' and mailed three invoices to the purchaser. These invoices clearly described the case numbers, the number of pieces in each case, the yardage of each piece, and the total yardage on each invoice and the price. The plaintiff paid for the invoiced merchandise within ten days after April 25, 1952, or at some date prior to May 5, 1952. On May 9, 1952, the merchandise, which was then located in a building known as the Kash and Karry Warehouse, in Greenville, South Carolina, was damaged and partially destroyed by fire. On July 24, 1952, the plaintiff requested the defendant to ship the invoiced goods. It was then for the first time notified that 36,818-⅜ yards of the goods were destroyed in the fire.

The plaintiff now seeks recovery of the moneys paid for such merchandise upon the ground that it never acquired title to the goods. The defendant claims that title passed on April 25, 1952.

A determination is required as to when, if ever, title to the goods passed and who must bear the loss for the damage and destruction of the merchandise involved. The plaintiff contends that it never acquired title because there was a failure to comply with the Personal Property Law (§ 124, subd. 3). In our view, the purchaser misinterprets the cited section. The provision treats, almost exclusively, with the question of delivery in consonance with its heading which reads, '' *Place, time and manner of delivery* ''. Upon the facts in the case at bar, title is not dependent upon delivery.

The acquisition and relinquishment of title in a sale or a contract to sell personal property is largely a matter of the intention of the parties to be ascertained in the first instance, if possible, from the contract between them (Personal Property Law, § 99; *Donner* v. *Associated Lace Corp.*, 277 App. Div. 697, affd. 303 N. Y. 719).

That the plaintiff considered title to the goods was in it rather than in the defendant is evidenced by a proof of loss which it filed with its insurance carrier, in which its claim is made in the

following language: '' Goods purchased by us of J. P. Stevens & Co. were placed in said warehouse by J. P. Stevens & Co.'' The original complaint was received in evidence as an admission against interest. In the third paragraph, plaintiff alleged that it purchased the goods from the defendant on or about April 25, 1952. In the fifth paragraph it alleged that the defendant '' converted and appropriated plaintiff's merchandise to its own use.'' These admissions coupled with the express language of the contract require a finding that plaintiff acknowledged its title to the merchandise.

As previously stated, it is manifest from the proof and by concession that plaintiff failed and neglected to provide the color assortments it required. It must be held that, under such circumstances, the parties clearly and unequivocally intended that the options granted the seller by the terms of the contract could be exercised by the defendant. It did so on April 25, 1952. It invoiced the grege goods at the finished price and segregated them. The buyer acknowledged and accepted such invoicing and segregation of specific goods in deliverable state and paid for them.

It must be held that at such time title to the goods passed (Personal Property Law, § 100, rules 1, 2, 4; *Berkshire Cotton Mfg. Co.* v. *Cohen*, 236 N. Y. 364; *Boiko & Co.* v. *Atlantic Woolen Mills*, 195 App. Div. 207, affd. 234 N. Y. 583).

The buyer's argument that there was no passage of property in the merchandise because something still remained to be done is without merit. It cannot seek refuge in its own failure to comply with the terms of the contract and thus cast the burden of loss upon the defendant who performed every act required by it in accordance with the agreement between the parties (*Gourd* v. *Healy*, 206 N. Y. 423, 432; *Sadler Mach. Co.* v. *Ohio Nat.*, 102 F. Supp. 652, affd. 202 F. 2d 887).

The risk here must fall upon the plaintiff. Not alone because the parties provided in their contract that '' Goods invoiced and held at any location for whatever reason shall be at buyer's risk '', but because the Personal Property Law (§ 103, subd. [b]) states '' Where delivery has been delayed through the fault of either buyer or seller the goods are at the risk of the party in fault as regards any loss which might not have occurred but for such fault.'' It is apparent, from the proof, that had the plaintiff furnished the color assortments as required by the contract, the goods would have been shipped in February, March,

and April and thus would not have been at the place where the fire occurred.

Findings of fact and conclusions of law having been **waived**, this constitutes the decision of the court. Judgment is directed to be entered for the defendant.