Emmett J. Schnepp, J.
In this action based upon contract, tried by the court without a jury, plaintiff seeks to recover the sum of $13,550.40, which it alleges is the balance due and owing *524 for certain paintings sold and delivered to the defendant and additional damages in the amount of $25,000 by reason of the alleged breach by defendant of such contract.
The parties entered into a contract on August 12,1965 for the sale by plaintiff and purchase by defendant of certain paintings and grabados (all referred to herein as paintings), described by type and unit price, for the total price of $70,083.55. The contract was to be performed “ as soon as possible.” Defendant understood that certain preparations were required to process the paintings and that three to four months were required to totally perform the contract. By September 20, 1966, paintings were shipped of the price of $23,236.75 and defendant paid or was allowed credits totaling $11,824.95.
Defendant raises various defenses to the causes of action alleged in the complaint, the second of which, among other things, alleges a breach of warranty by the plaintiff. No notice of rejection or of receipt of alleged damaged items was provided to the plaintiff, except for a shipment of paintings from Philadelphia, for which an acceptable adjustment was made by the plaintiff for damage and shortage. Defendant did not reject the goods which it claims were not “first line ” as allegedly warranted by plaintiff, within a reasonable time and seasonably notify plaintiff, and the defense is without merit. (Uniform Commercial Code, § 2-602.)
The counterclaim for loss of profits on a sale of certain paintings made by the defendant to the Bazar Department Stores of Portland, Oregon is dismissed. Bazar canceled a contract .with defendant, allegedly because the complete order was not filled in one shipment. Defendant’s agent consented to a partial shipment of the order by plaintiff. Further, in any event in view of the failure of defendant to pay plaintiff for the paintings as shipped, and its action in stopping payment on a check dated September 14, 1966 for $9,371.95, which, however, was ultimately honored, plaintiff was justified in then withholding further shipments pending receipt of payment. (Uniform Commercial Code, § 2-703, subd. [a].)
On October 17, 1966, defendant notified plaintiff to cancel the unshipped balance of the contract. On October 26, 1966, plaintiff resold about 150 paintings to undisclosed parties and the undelivered balance of the paintings to Richard Kastner Co., Inc., except for 1,106 paintings, which it cannot account for. The Kastner contract provided that title to the paintings would not pass until delivery was made to a carrier for shipment. After delivery of paintings to Kastner of the value of $3,000 on unspecified dates, a fire in plaintiff ’s warehouse on January *525 27,1967 completely destroyed the remaining property described in the contract. Plaintiff’s insurance claim was paid and it seeks as damages for breach of contract, the difference between the value of the paintings covered by the contract and destroyed in the fire and the amount of fire insurance allocated to the paintings in question.
The unshipped balance of the paintings under contract between the parties was sold at a private sale and plaintiff was under the obligation to give the defendant reasonable notification of its intention to resell. (Uniform Commercial Code, § 2-706, subd. [3].) If seller wished to recover damages, that is the difference between the resale price and the contract price, its remedy was to resell the undelivered balance of the contract and give the defendant notification of its intent. (Uniform Commercial Code, § 2-706, subd. [1].) Seller gave buyer no reasonable notification of its intention to resell and accordingly it is not entitled to recover the difference between the resale price and the contract price. (Foster v. Colorado Radio Corp., 381 F. 2d 222.)
Further, even if it be held that the defendant repudiated the contract as to goods already identified to it, plaintiff may not treat the risk of loss as resting on the defendant to enable it to recover the deficiency in the effective fire insurance coverage. (Uniform Commercial Code, § 2-510, subd. [3].) Plaintiff after it received the notice of cancellation abandoned the contract and thereby rendered it unenforceable. While the agreement of the defendant to rescind was express, the abandonment by plaintiff may be inferred from its conduct and the attendant circumstances. (Matter of Schanzer, 7 A D 2d 275; Green v. Doniger, 300 N. Y. 238; Rodgers v. Rodgers, 235 N. Y. 408.) Here plaintiff not only failed to object to defendant’s action, but neglected to take any steps looking toward the enforcement of performance of the contract by the defendant. Its conduct is equivalent to the manifestation of its intention to simply forego further performance and let past matters stand where they are. Plaintiff’s action in selling 150 miscellaneous paintings and in executing the agreement with Kastner, without any notice to the defendant, was a positive and unequivocal act and is inconsistent with any attempt to be further bound by the contract. No notice was given defendant of the fire insurance claim and the sworn statement by plaintiff in the proof of loss to the insurance carriers that it was the owner of such property and that no other “ person or persons had any interest therein or encumbrance thereon ” belies an intent to consider such contract abiding. (Sayour & Co. v. Stevens & Co., 205 Misc. *526 807.) Plaintiff cannot now maintain an action for damages Tby reason of defendant’s failure of performance. (2 Black, Rescission and Cancellation, § 535.) The conduct of the plaintiff reflects that more than a commercially reasonable time elapsed from the notice of cancellation to the date of the tire, to enable it to procure additional insurance to cover the entire risk, and defendant may not now be held liable for any alleged deficiency in the effective insurance coverage.
Accordingly, the second cause of action, and the defendant’s counterclaim are dismissed and on the first cause of action it is held that there is due to the plaintiff, the net sum of $9,538.05.