OPINION OF THE COURT
Herman Cahn, J.
The gravamen of this motion to set aside the judgment is whether this court, which tried the above-captioned matter *99 without a jury, applied the proper measure of damages in determining that defendant is liable to the plaintiff in the amount of 12VS cents per yard for the rejected merchandise (or $4,584.50) with interest from June 15, 1977.
Plaintiff originally brought this action to recover damages sustained when defendant failed to accept approximately 36,-000 yards of fabric out of a total shipment of 74,007 yards. Both the plaintiff and defendant deal in fabrics and textiles and the court found that both parties were merchants as that term is defined in section 2-104 of the Uniform Commercial Code.
In its decision herein the court awarded damages to the plaintiff in the sum of $4,584.50, and applied the measure of damages set forth in section 2-708 of the Uniform Commercial Code. That section reads in pertinent part as follows: "[T]he measure of damages for non-acceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this Article (Section 2-710), but less expenses saved in consequence of the buyer’s breach.”
The major thrust of defendant’s argument is that the plaintiff did not give the defendant notice of its intention to resell the repudiated goods as required by section 2-706 of the Uniform Commercial Code (where the resale is made privately and not by public auction) and therefore the plaintiff was not entitled to recover the difference between the contract price and the resale price. (Acuri v Figliolli, 91 Misc 2d 831; Portal Galleries v Tomar Prods., 60 Misc 2d 523.)
The defendant apparently bases its argument on the erroneous assumption that, in the course of the trial, plaintiff did not prove market price but instead relied solely on the resale price of 92 Vi cents per yard. Taking its argument one step further, defendant contends that having relied on the resale price, plaintiff effected an election of remedies and therefore the court may not allow plaintiff to recover the difference between the contract price and the resale price.
It is fundamental under section 2-703 of the Uniform Commercial Code and the sections that follow, that an aggrieved seller is not required to elect between damages under sections 2-706 and 2-708 of the Uniform Commercial Code. Section 2-703 of the Uniform Commercial Code cumulatively sets forth the remedies available to a seller upon the buyer’s breach. *100 The pertinent commentary thereto indicates specifically that the remedies provided are cumulative and not exclusive and that article 2 of the Uniform Commercial Code "rejects any doctrine of election of remedy as a fundamental policy”. (Uniform Commercial Code, § 2-703, official comment.) Thus, defendant’s contention that plaintiff in fact elected to proceed under section 2-706 and the court could not measure damages pursuant to section 2-708 is without merit.
The seller has the burden of proof with respect to market price or market value. A seller cannot avail itself of the benefit of section 2-708 of the Uniform Commercial Code when it has not presented evidence of market price or market value.
While market value may usually be proved by a resale of the goods where the seller has taken proper measures to secure as fair and reasonable a sale as possible (Pollen v Le Roy, 30 NY 549; Acuri v Figliolli, supra; Dehahn v Innes, 356 A2d 711 [Me]), the price realized on resale is not necessarily conclusive. (Derami Inc. v Cabot Inc., 273 App Div 717.)
During the trial of this action, not only was there testimony to the effect that in an effort to mitigate damages, plaintiff sold the bulk of the remaining goods to Dorfler Turk Textiles, Inc. at a price of 92 Vi cents per yard but there was further evidence adduced that a portion of the rejected goods were sold to others at similar prices. There was sufficient evidence adduced permitting the court to find that the market value of the unaccepted goods was 92 V2 cents per yard.
Having determined that the resale value of the goods accurately reflected the market price since there was an available market for the goods (Acuri v Figliolli, supra), the court’s application of subdivision (1) of section 708 of the Uniform Commercial Code as the measure of damages was correct.
Once the court determined that 92 Vi cents per yard was the market value and applied that sum as the measure of damages pursuant to section 2-708 of the Uniform Commercial Code, it became of no consequence that the plaintiff did not give the defendant notice of the resale as required by section 2-706 of the Uniform Commercial Code.
Accordingly, defendant’s motion to set aside the judgment herein is denied.