FARRIS AND COMPANY v. THE WILLIAM SCHLUDERSBERG, T. J. KURDLE COMPANY

196 So. 184

En Banc

For Former Opinion See 141 Fla. 462, 193 So. 429

Opinion Filed May 17, 1940

*Martin H. Long* and *Judson Freeman,* for Petitioner; *Frank H. Heintz,* for Respondent.

### On Petition for Rehearing

Per Curiam.—On petition for rehearing, it is urged that we did not give sufficient consideration to the validity and effect of a certain C. A. F. contract which was a very material element in the cause. In other words, it is contended that the carload of boned beef which was the subject matter of this litigation was shipped from Jacksonville to Baltimore under C. A. F. contract, meaning cost and freight allowed to point of destination, being the equivalent F. O. B. from point of origin and that when so shipped the responsibility of the shipper ceases when the goods are delivered to the carrier.

There can be no doubt that this is the general rule as to goods shipped under C. A. F. contract. At the same time, if the issue is raised as to whether or not the goods moved from point of shipment promptly or when loaded were up to contract requirements evidence on such issues may be taken and if proven, judgment rendered accordingly. C. A. F. contract may not operate before time for the goods to move. After this, the consignor is not responsible for delicts.

In this case, the question of whether or not the car was prechilled properly and whether or not it contained "old cuts" contrary to contract was clearly in issue. Evidence was taken on these issues and then the car was consigned to the consignor in Baltimore so delivery to the consignor took place there. We are not convinced that error was committed on these points.

Former judgment reaffirmed and rehearing denied.

Terrell, C. J., Whitfield, P. J., Buford, Chapman and Thomas, J. J., concur.

Justice Brown not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.