CARROLL, CHAS., Chief Judge.
This is an appeal from a final judgment rendered in the civil court of record in Dade County. The action was brought for the price of certain merchandise sold by plaintiff to the defendants. The trial, which was without a jury, resulted in a judgment for plaintiff in the amount of $1,283.50, plus $90 costs.
The contract for the merchandise was made up of correspondence between the parties. Following certain earlier dealings, the defendants (purchasers hereinafter) wrote a letter on December 13, 1954, to the plaintiff (seller hereinafter) placing an order for 1,500 sea-grass baskets.[1]
On December 22, from Germany, the seller wrote a letter to the purchaser acknowledging the order, quoted a price, specified that the goods would be shipped “f. o. b. Hamburg or Bremen”, provided for payment to be made “net without deduction in immediate cash upon certificate of forwarding agent”, and stated that unless contrary instructions were received by January 5, 1955, delivery would be undertaken.[2] By a reply dated December 30, *614 1954, the purchaser acknowledged receipt of the seller’s letter of December 22 and approved the price quoted.[3]
In the December 30 letter, the purchaser announced insistence that the “merchandise be made in good order”, and indicated that the purchaser would be in a better position to judge the merchandise when certain earlier shipments which were in transit were received.
The seller duly delivered the goods from the place of manufacture in Germany to a carrier at Hamburg, and from there they were transported to Miami. Upon arrival it was found that they had become damaged beyond use, in the course of the journey from Hamburg.
The trial court was required to determine which of the parties had the risk of loss after the property left the f. o. b. shipment point of Hamburg, Germany, and the court properly concluded that the risk of loss was on the purchaser.
In addition to the letters forming the contract, the court had before it an invoice made and forwarded at the time of shipment in February 1955, which restated the contract provisions as to price and for delivery to be f. o. b. Hamburg or Bremen, and, in fine print at the bottom of the page, contained a statement in German which translated to English was that the “merchandise remains our property until fully paid.”
 The provision of the contract for sale of the merchandise stating the price and providing “f. o. b. Hamburg oder Bremen” resulted in title to the goods passing to the purchaser at that point of shipment (Hamburg). See McNeill v. Jack, Fla.1955, 83 So.2d 704; Standard Casing Co. v. California Casing Co., 1922, 233 N.Y. 413, 135 N.E. 834; 2 Williston, Sales, § 280b (rev.ed.1948). From that point, and during the balance of the journey, the risk of loss was on the purchaser. Heinberg v. Cannon, 36 Fla. 601, 18 So. 714; Farris & Co. v. William Schluderberg, T. J. Kurdle Co., 142 Fla. 765, 196 So. 184; 2 Williston, Sales, id.
While it was not involved in the contract as made up by the correspondence between *615 the parties, the provision in the invoice forwarded in February 1955, to the effect that title would remain in the seller until goods were paid for, did not operate to continue the risk of loss in the seller after shipment from Hamburg. This is so because the title thus retained by the seller was for security purposes only, and the beneficial interest in the property would be considered transferred to the purchaser at the f. o. b. shipment point, with the result that the risk of loss then would be on the purchaser. Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 So. 799 ; 2 Williston, Sales, §§ 280b, 305 (rev.ed.1948).
Additional questions argued under the assignments of error have been considered on the record and found to be without merit.
Accordingly, the judgment appealed from should be, and hereby is affirmed.
Affirmed
HORTON and PEARSON, JJ., concur.

. The letter of December 13, 1954, which was written in German, appears in the record translated as follows:
“Neuensorger Korbwaren Industrie Friedrich Kretz K.-G.
“Neuensorg-Kreis Lichtenfels Germany
“Dears Sirs,
“We send attached our order for 1500 of these sea-grass baskets.
“We have two numbers for these small baskets viz.: 4581/ID and 4581/2D and don’t know which number means the bigger size. In any case we wish to have the bigger basket and you will please execute our order accordingly.
“Please let us know when you will deliver these goods as we are urgently in want of them.
“Awaiting your answer per return we remain, Dear Sirs.
“Very truly yours
“Stylecraft Bag Mfgs.
“/s Henry Jacobson”

. The contents of the letter from the seller dated December 22, 1954, translated, were as follows:
“We acknowledge with thanks the receipt of your order No. 1438 for additional children’s seagrass Hollander baskets which we have booked as follows:
“No. 4581/2D — 1500 pieces children’s Hollander baskets made of seagrass cord with wood lid and front side with flower decoration made of raflia-bast,
Price per piece DM. 3.56 or $0.85 FOB Hamburg or Bremen
Delivery time: Beginning until middle of February, 1955
Condition of payment: Net without deduction-im *614 mediate cash upon certificate of forwarding agent.
“You have stated a price of $0.90, whereas our price has been DM. 3.35 or $0.80 according to our offer dated October 23rd. In the meantime there has been an important increase in Germany in the cost of wood and which forces us to adjust our price. We hope that we can maintain this new price for a longer period.
“In the event we are not in receipt of a contrary decision from you by January 5, 1955, we will undertake the delivery in accordance with the price noted today.
“The thousand pieces ordered by you on the 1st of November have been dispatched through our carrier H. A. Weich Lichtenfels. We hope that the shipment will reach you shortly in good order. The invoices and custom house invoices have surely been submitted to you through our carrier. We would be very much obliged if you would forward us as soon as possible the counter value of our delivery in the amount of DM. 3,452.60.
“With friendly regards and with thanks for your business.
“We sign
“Sincerely,”

. Contents of the letter of December 30 from the purchaser to the seller translated, are as follows:
“We have received your letter of December 22nd.
“The price of 85 cents is all right, but we must insist upon, as we have already previously written you, that the lid must be heavier and that the hinges be made of brass.
“Naturally, we expect that everything will be made in good order and that we will not be disappointed in this delivery. We must absolutely insist that this merchandise be made in good order.
“Naturally, we will have a better picture when once we receive the merchandise already sent by you. We must receive these goods very quickly, as our season now commences during this time and everything will be purchased.
“With kind regards.”